FILED
 2008 Mar-27 PM 02:48
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SONYA Y. HOLT, o/b/o M.R.M.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.:** |
| | ) **2:07-CV-1122-VEH** |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Sonya Y. Holt (hereinafter "Ms. Holt"), on behalf of her daughter M.R.M.,[1] brings this action pursuant to Title XVI of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), which denied her daughter's application for Supplemental Security Income ("SSI"). Ms. Holt timely pursued and exhausted her administrative remedies available before the Commissioner. The case is ripe for review pursuant to § 205(g) of the Social Security

---

[1]The legal standards in this opinion apply to M.R.M. and her impairments, not to her mother. *See Stanton v. Astrue*, 482 F. Supp. 2d 1318, 1320 (N.D. Ala. 2007).

Act. 42 U.S.C. § 405(g) (2000).[2]

## FACTUAL AND PROCEDURAL HISTORY

M.R.M. was an 11-year-old female at the time of the 2006 hearing before the administrative law judge ("ALJ"). (Tr. 487.) She was in fifth grade at the time of the hearing. *Id.* Ms. Holt initially claimed that her daughter became disabled on October 1, 2001, but subsequently amended the onset date to the date of the application, May 20, 2004. (Tr. 23; Doc. 9 at 1.) Ms. Holt claims that her daughter became disabled due to asthma, allergic rhinitis, gastroesophageal reflux disease, anxiety, posttraumatic stress disorder, attention deficit hyperactivity disorder ("ADHD"), depression, tachycardia, obesity, and headaches. (Tr. 70-77.)

Ms. Holt filed an application for Title XVI Supplemental Security Income on behalf of her daughter M.R.M. on May 20, 2004. (Tr. 9, 45.) The claim was denied by the Commissioner on August 4, 2004. (Tr. 9, 24.) Ms. Holt filed a timely written request for a hearing on September 2, 2004. (Tr. 9.) The hearing was held on April 12, 2006. *Id.* The ALJ concluded that M.R.M. was not disabled and denied her application on September 19, 2006. (Tr. 21.) Ms. Holt timely requested a review of the ALJ's decision on September 26, 2006. (Tr. 456.) The Appeals Council denied

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

Ms. Holt's request for review on April 17, 2007. (Tr. 3.) The ALJ's decision thus became the Commissioner's final decision on that date. *Id.*

Ms. Holt filed a Complaint on June 14, 2007, which asks this court to review the ALJ's decision. (Doc. 1.) Ms. Holt also filed a motion for leave to proceed in forma pauperis on June 14, 2007. (Doc. 2.) This court granted the request to proceed in forma pauperis on June 14, 2007. This court has carefully considered the record and affirms the decision of the ALJ.

## **STANDARD OF REVIEW**

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and to whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *see Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence "must do more than create a suspicion of the existence of the fact to be established." *Walden v. Schweiker,* 672

F.2d 835, 838 (11th Cir. 1982). Rather it is "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239; *see Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence, try the case de novo nor substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Bloodsworth,* 703 F.2d at 1239; *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for supplemental security income and establish an entitlement for a period of disability, an individual under age 18 must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The law defines children's "disability" as "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007. While this appeal involves only a SSI claim, in general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits ("DIB") or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

for a continuous period or not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I); 20 C.F.R. § 416.906.

In determining whether a child (an individual under age 18) is disabled, the Regulations provide a three-step process. 20 C.F.R. § 416.924(a). The Commissioner must determine in sequence:

   (1)   whether the child is engaged in substantial gainful activity;
   (2)   whether the child has a severe[4] impairment;
   (3)   whether the child has an impairment that meets, medically equals, or functionally equals the Listings of Impairments.

*Henry v. Barnhart,* 156 Fed. Appx. 171, 173 (11th Cir. 2005) (citing to the applicable C.F.R. section); *accord, Wilson v. Apfel*, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999).

A medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.908. It must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not merely by a claimant's statement of symptoms. *Id*.

Functional equivalence to a listing is found if the child's impairment - or

---

[4] A "severe impairment" is something more than "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. . ." 20 C.F.R. § 416.924(c).

combination of impairments - "results in 'marked' limitations[5] in two domains of functioning or an 'extreme' limitation[6] in one domain." 20 C.F.R. § 416.926a. There are six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i-iv). If the impairment(s) does not meet the duration requirements, or does not meet, medically equal, or functionally equal one of the listings in the Regulations, a finding of not disabled will be reached and the claim will be denied. *See* 20 C.F.R. § 416.924(d)(2). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 483 U.S. 521, 530 (1990).

---

[5]Limitations are compared to how appropriately, effectively, and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments. 20 C.F.R. § 416.926a(d). A child has a "marked limitation" in a domain when her impairment(s) "seriously interferes" with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.916a(e)(2).

[6]An "extreme" limitation in a domain is found when a child's impairment(s) "very seriously" interferes with her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

Under step one of the three-part disability test for children, the ALJ found that M.R.M. had not engaged in any substantial gainful activity at any time relevant to the decision. (Tr. 12.) Under step two he found that M.R.M. suffered from the following severe medically determinable impairments: asthma, allergic rhinitis, gastroesophageal reflux disease, anxiety, posttraumatic stress disorder, and ADHD. (Tr. 12.)

Under step three, the ALJ found that M.R.M.'s impairments do not meet, medically equal, or functionally equal one of the listed impairments in 20 C.F.R. Pt. 404, subpt. P, app. 1. 20 C.F.R. 416.924, 416.925, 416.926. (Tr. 20.)

The ALJ gave significant weight to M.R.M.'s two treating physicians, Dr. Jackson and Dr. Montgomery-Barefield. (Tr. 15.) This is due to their long history treating M.R.M. as well as conclusions supported by the evidence and consistent with each other and the record. (Tr. 15.) Less weight is given to the non-examining and non-treating physicians, Dr. Phillips and Dr. Warren. (Tr. 518-520.) Ms. Holt's testimony is given less weight due to her allegations being "disproportionate to the objective medical evidence." (Tr. 15.) "There are no diagnostic studies or medical findings to show abnormalities that could be expected to produce such severe symptoms" such as the "degree and intensity of limitations alleged." (Tr. 15.)

The ALJ determined that M.R.M. had no limitation in moving about and manipulating objects. (Tr. 18.) He also determined that M.R.M. has a less than marked limitation in four of the six functional domains: acquiring and using information, attending and completing tasks, caring for herself, and her health and physical well-being. (Tr. 16–20.) He determined that M.R.M. had a marked limitation in interacting and relating with others. (Tr. 18.) As the ALJ determined that only one functional domain of M.R.M. was a marked limitation, she was not found to functionally equal any of the listed impairments and therefore was not found disabled. (Tr. 20.)

## ANALYSIS

Ms. Holt asserts that "the decision of the Commissioner is not supported by substantial evidence" and improper legal standards were applied. (Compl. at ¶ 4; Doc. 9 at 2, 11-13.)

### A.     The ALJ's conclusion that M.R.M. was not disabled is supported by substantial evidence.

Ms. Holt submits that the ALJ "fail[ed] to indicate in [his] decision whether or not he considered M.R.M.'s disability for" the two year period between the application and the physicians' forms which the ALJ relied upon. (Doc. 9 at 12.) While accepting the ALJ's assessment of M.R.M. not being disabled in 2006, Ms.

Holt asserts that M.R.M. was disabled during the period immediately following her application date. (Doc. 9 at 11-12.) Ms. Holt claims that "the ALJ's failure to continue M.R.M.'s disability for the entire period at issue violated her right to a full and fair disability determination." (Doc. 9 at 13.)

The ALJ has a basic obligation to develop a full and fair record. This not only ensures that the ALJ has fulfilled his "duty . . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," but it also enables the reviewing court "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *See Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988) (internal quotations and citations omitted). A decision is not based on substantial evidence if it focuses on one aspect of the evidence while disregarding the remainder. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). The ALJ is therefore required to consider the entire relevant time period. Here, the alleged onset date was May 20, 2004. (Doc. 9 at 1.)

In making his assessment, the ALJ considered the relevant evidence and medical opinions of M.R.M.'s treating and examining physicians regarding his alleged impairments for the entire time period. (Tr. 15.) The weight afforded a physician's conclusions regarding a claimant depends upon the extent to which statements are supported by clinical or laboratory findings and are consistent with

other evidence of record.  *See* 20 C.F.R. §§ 404.1527(d); 416.927(d)(1); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004); *Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir. 1986).

The ALJ gave significant weight to M.R.M.'s two treating physicians, Dr. Jackson and Dr. Montgomery-Barefield. (Tr. 15.)  While the ALJ did rely upon their child development and functioning rating questionnaires completed in 2006, the ALJ also addressed evidence prior to this date.  He notes that treating physician Dr. Jackson opined that M.R.M.'s physical impairments were well controlled in 2003, 2004, and 2005.[7]  (Tr. 14.) On examination in 2004, Dr. Jackson stated that even Ms. Holt reported her daughter was doing well.  (Tr. 14.)

The ALJ notes that two state medical consultants, Dr. Phillips and Dr. Warren concluded in 2004 that M.R.M. did not have any functional limitations in domains (1), (2), and (4), less than marked functional limitations in domains (3) and (5), and a marked functional limitation in domain (6).  (Tr. 14.)  The ALJ relied on Ms. Holt's testimony that M.R.M. had no behavioral problems at school.  (Tr. 18, 506.)  Also,

---

[7]"If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993); *Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that a symptom reasonably controlled by medication or treatment is not disabling).

M.R.M.'s school records for the year 2005-2006 were addressed in the ALJ's analysis. (Tr. 17, 78, 486.) In these, grades in the 80s and 90s in several fifth grade courses do not indicate that M.R.M. had problems concentrating and completing tasks. *Id.*

Although the ALJ's discussion of the evidence was brief, there is no requirement that the ALJ must refer to every piece of medical evidence in making his decision. The Eleventh Circuit has ruled that there is "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, . . . is not a broad rejection of the evidence which is 'not enough to enable [the district court] . . . to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). Thus, the ALJ was not required to reiterate all of the objective findings from every medical source in making his decision. Therefore, because the ALJ's decision was based on medical evidence from the alleged onset date until the hearing, his determination that M.R.M. was not disabled was supported by substantial evidence.

**B.     The ALJ applied the correct legal standard in determining that M.R.M. was not disabled.**

Ms. Holt also asserts that "improper legal standards were applied." (Doc. 9

at 3.) The proper legal standard for determining whether a claimant is disabled is set forth above in this opinion. (*See* Statutory and Regulatory Framework, *supra*.)

The ALJ applied the proper legal standard in concluding that M.R.M. is not disabled within the meaning of the Social Security Act. The ALJ first found that M.R.M. has never been employed, satisfying the first element. (Tr. 12.) The ALJ then found that M.R.M. has severe impairments as required by the second element. (Tr. 12.) Then he determined that M.R.M.'s impairments neither meet, medically equal, nor functionally equal an impairment listed by the Secretary. (Tr. 20.) Because the ALJ correctly applied the statutory framework for children and correctly considered the requirements needed to find a functional equivalent to a listing, the ALJ used the correct legal standards in making his determination that M.R.M. was not disabled.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this 27th day of March, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge